UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

LAWRENCE FELTZIN, Individually,

    Plaintiff,

vs.                                              CASE NO.

EMERALD JUDE HOLDINGS LLC, a Florida
Limited Liability Company,

    Defendant.
_____/

### COMPLAINT
*(Injunctive Relief Demanded)*

Plaintiff, Lawrence Feltzin, Individually, on his behalf and on behalf of all other mobility-impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, EMERALD JUDE HOLDINGS LLC, a Florida Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA").

1. Plaintiff, Lawrence Feltzin, is an individual residing in Boynton Beach, FL, in the County of Palm Beach.

2. Defendant's property, Emerald Plaza, is located at 1272-1298 NW Federal Hwy., Stuart, FL 34994, in the County of Martin.

3. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs.

4. The Defendant's property is located in and the Defendant does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*.  *See also,* 28 U.S.C. § 2201 and § 2202.

6. Plaintiff Lawrence Feltzin, is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.

7. Plaintiff Lawrence Feltzin is a paraplegic and uses a wheelchair to ambulate.

8. Plaintiff Lawrence Feltzin regularly visits the Treasure Coast, including Palm City, Florida to visit friends, to enjoy the small town atmosphere, including the quaint restaurants, to shop and to observe the area's beautiful beaches.   He also goes to the Hutchinson Island Marriott and Stuart Riverwalk where he likes to shop and dine.

9. Mr. Feltzin has visited the subject property which forms the basis of this lawsuit, and he plans to return to the subject property once it is made accessible for his use to avail himself of the goods and services at the property and to confirm the property is brought into compliance with its ADA.

10. Mr. Feltzin has encountered architectural barriers at the subject property.

11. The barriers to access at the subject property have endangered his safety.

12. Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.104.

13. Defendant is responsible for complying with the obligations of the ADA.

14. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Emerald Plaza, and is located at 1272-1298 NW Federal Hwy.,

Stuart, FL 34994.

15. Lawrence Feltzin has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in this Complaint.

16. Plaintiff Lawrence Feltzin has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

17. Lawrence Feltzin desires to visit Emerald Plaza, not only to avail himself of the goods and services available at the property, but to assure himself that the property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

18. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182, *et seq*.

19. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, <u>inter alia</u>, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

20. A preliminary inspection of Emerald Plaza has shown that violations exist.

21. These violations, that Lawrence Feltzin has personally encountered or observed include, but are not limited to:

**Parking and Exterior Accessible Route**

22. Parking spaces throughout Emerald Plaza lack adequate access aisles contain slopes beyond limits within parking spaces and lack compliant accessible routes from accessible

parking, violating Sections 402 and 502 of the 2010 Accessibility Standards.

23. These conditions during numerous visits prevented Mr. Feltzin from unloading from his van freely and safely.

24. Emerald Plaza fails to provide the required amount of compliant accessible parking spaces, violating Section 502 of the 2010 Accessibility Standards.

25. The lack of accessible parking makes Mr. Feltzin park in open areas so he can unload freely and safely from his van.

26. Ramps provided to access stores at Emerald Plaza are unsafe for wheelchair users and are not provided in some areas of the center.

27. The ramps contain excessive slopes, abrupt changes of level and lack proper handrails, violating Sections 402 and 405 of the 2010 Accessibility Standards.

28. These conditions are unsafe for Mr. Feltzin when he accesses the curb ramps.

29. The exterior accessible route from parking spaces and throughout Emerald Plaza fails to provide a safe accessible route, violating Section 402 of the 2010 Accessibility Standards.

30. Mr. Feltzin was forced to travel in the traffic area of the center to get to the curb ramp and had to deal with cross slopes while accessing tenants.

31. Emerald Plaza fails to provide a safe accessible route to the adjacent bus stop, street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards.

32. The current route provides an inaccessible ramp that lacks handrails.

33. The lack of a compliant accessible route prevents the option of public transportation for Mr. Feltzin.

**Access to Goods and Services**

34. Payment counters throughout Emerald Plaza including Salons are mounted beyond

the reach of Mr. Feltzin.

35. The same violates Sections 308 and 904 of the 2010 Accessibility Standards.

36. Entering tenants is impeded by slopes beyond limits and/or abrupt changes of level at the base.

37. The same violates Section 404 of the 2010 Accessibility Standards.

38. Abrupt changes of level and slopes can cause damage to Mr. Feltzin's wheelchair.

**Restrooms**

39. Restrooms at Salons were reported to be unsafe for use by the Plaintiff.

40. Inspection revealed Mr. Feltzin was unable to use the restrooms safely due to a lack of accessibility, including, inaccessible water closets which lack proper controls and wheelchair maneuvering space.

41. The same violates Section 601 of the 2010 Accessibility Standards.

42. Restrooms at Salons provide dispensers beyond reach of wheelchair users and are inaccessible to the Plaintiff.

43. The same violates Section 308 of the 2010 Accessibility Standards.

44. Lavatories at Salons lack knee clearance and/or insulated pipe wrap accessibility.

45. The same prevented the Plaintiff from freely accessing the lavatory.

46. The same violates Section 606 of the 2010 Accessibility Standards.

47. Salons provide restrooms that contain improper centerlines for the water closets.

48. The flush controls are mounted on the wall side.

49. The same violates Section 604 of the 2010 Accessibility Standards.

50. Mr. Feltzin was unable to access flush controls while in the restrooms due to improper location.

51. Using restrooms doors at Salons is impeded by round doorknobs.

52. There is improper signage.

53. Use of the restrooms lack of maneuvering clearance.

54. This prohibited Mr. Feltzin from being able to access the restroom.

55. The same violates Section 404 of the 2010 Accessibility Standards.

56. Round doorknobs, stored goods and/or maneuvering space impede Mr. Feltzin from easily accessing doors.

**Maintenance**

57. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff as set forth herein, in violation of 28 CFR § 36.211.

58. All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines, and the 2010 ADA Standards for Accessible Design (ADAAG), as promulgated by the U.S. Department of Justice.

59. The discriminatory violations described above in this complaint are not an exclusive list of the Defendant's ADA violations.

60. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

61. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

62. The individual Plaintiff, and all others similarly situated, will continue to suffer

such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

63. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

64. Defendant has discriminated against the individual by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181, *et seq*. and 28 C.F.R. 36.302 *et seq*.

65. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

66. Plaintiff is without adequate remedy at law and is suffering irreparable harm.

67. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

68. Furthermore, the public interest would not be disserved by a permanent injunction.

69. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505.

70. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 C.F.R. 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

71. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

72. All other conditions precedent have been met by Plaintiff or waived by the Defendant.

73. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Emerald Plaza to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

    A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*

B. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features on an ongoing basis.

E. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

    Respectfully submitted,

    /s/John P. Fuller
    John P. Fuller, Esq.
    FL Bar No. 0276847
    Fuller, Fuller & Associates, P.A.
    12000 Biscayne Boulevard, Suite 502
    North Miami, FL   33181
    Telephone: (305) 891-5199
    Facsimile: (305) 893-9505
    jpf@fullerfuller.com
    *Attorneys for Plaintiff*